IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

LACIE EDON,

    Plaintiff,

    v.

PNC BANK, in its own capacity and as successor to NATIONAL CITY BANK,

    Defendant.

Case No.: 1:24-cv-02195-TWP-KMB

**DEFENDANT PNC BANK, N.A.'S MOTION TO STAY DISCOVERY**

Defendant PNC Bank, N.A. ("PNC"), erroneously named herein as "PNC, in its own capacity and as successor to NATIONAL CITY BANK," by and through its undersigned counsel, respectfully submits this Motion to Stay Discovery ("Motion").

**RELEVANT PROCEDURAL HISTORY**

PNC certifies that it has, to the extent necessary, complied with Local Rule 37-1 before filing this Motion to Stay Discovery. On March 28, 2025, PNC, through its undersigned counsel, contacted Magistrate Judge Kellie M. Barr's chambers to schedule a telephone conference regarding the substance of the Motion to Stay Discovery. On April 8, 2025, PNC and Plaintiff Lacie Edon filed a joint request for a conference with Magistrate Judge Barr. On the same day, the Court scheduled the Initial Pretrial Conference for May 12, 2025. On April 10, 2025, Magistrate Judge Barr stated that separate conference pursuant to Local Rule 37-1 was not required and directed PNC to file the foregoing motion, if desired.

## FACTUAL BACKGROUND

As a minor child, Plaintiff Lacie Edon ("Plaintiff") suffered serious injuries in an automobile accident (the "Accident"). ECF No. 1-1 ¶ 6 ("Compl."). As a result of the Accident, Edon and her parents were involved in a lawsuit in Hancock Circuit Court under cause number 30C01-0509-PL-673 (the "Lawsuit"). *Id.* ¶ 7. The Lawsuit was resolved and Edon's parents received two settlement checks (the "Settlement Checks"). *Id.* ¶¶ 8-14. Plaintiff alleges that the Settlement Checks should both have been deposited into a restricted account for Edon's benefit yet were instead deposited into a personal account for her parents. *Id.* ¶¶ 12-15. Edon alleges that she learned of the existence of the Settlement Checks in August 2024 and thereafter contacted PNC to request the settlement funds. *Id.* ¶¶ 17, 20-22. In response to her request, PNC advised Edon that (1) there were no accounts at PNC under which Edon was a payee, accountholder, or beneficiary, and (2) the funds from the Settlement Checks are no longer available in her parent's PNC account. *Id.* ¶¶ 18-19.

Accordingly, Plaintiff brought a Complaint against PNC to recover the value of the Settlement Checks and asserted three common law causes of action against PNC: (1) conversion/assisting fiduciary/conspiracy in committing conversion, (2) breach of fiduciary duty, and (3) negligence. *See id.* ¶¶ 23-36. On December 13, 2024, PNC filed a Motion to Dismiss the Complaint ("Motion to Dismiss"). ECF No. 7. On January 21, 2025, Plaintiff filed her Opposition to the Motion to Dismiss. ECF No. 10. On February 3, 2025, PNC filed its Reply in support of the Motion to Dismiss. ECF No. 11.

## LEGAL STANDARD

Courts have extremely broad discretion in controlling discovery and may stay discovery for "good cause." *See* Fed. R. Civ. P. 26(c); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). That discretion includes

managing cases and controlling "the timing, extent, frequency, and manner of discovery." *Nexstar Broadcasting, Inc. v. Granite Broadcasting Corp.*, No. 1:11-CV-249, 2011 WL 4345432, at *2 (N.D. Ind. Sept. 15, 2011); Fed. R. Civ. P. 26(c); *Olivieri v. Rodriguez*, 122 F.3d 406, 409 (7th Cir.1997)).

The party seeking the stay "bears the burden of proof to show that the Court should exercise its discretion in staying the case." *United States ex rel. Robinson v. Ind. Univ. Health, Inc.*, No. 1:13–cv–02009–TWP–MJD, 2015 WL 3961221, at *1 (S.D. Ind. June 30, 2015).

To determine whether a stay of formal discovery is warranted, district courts in this Circuit consider: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *E.E.O.C. v. Fair Oaks Dairy Farms, LLC*, 2012 WL 3138108, *2 (N.D. Ind. 2012); *Johnson v. Navient Solutions, Inc.*, 150 F. Supp. 3d 1005, 1007 (S.D. Ind. 2015); *Soares v. Meeks*, 2021 WL 5748438, at *3 (S.D. Ind. Oct. 4, 2021); *see, e.g., Sparger-Withers v. Taylor*, No. 1:21-cv-02824-JRS-MG, 2022 WL 1185747, at *2 (S.D. Ind. Apr. 21, 2022).

As a general matter, "a stay of discovery is warranted only when a party raises a potentially dispositive threshold issue such [as] standing, jurisdiction, or qualified immunity." *Red Barn Motors, Inc. v. Cox Enters., Inc.*, No. 1:14-cv-01589-TWP-DKL, 2016 WL 1731328, at *2-3 (S.D. Ind. May 2, 2016). With respect to the intersection of pending dispositive motions and discovery, "such stays are granted with substantial frequency" in the Seventh Circuit. *In re Sulfuric Acid Antitrust Litg.*, 231 F.R.D. 331 (N.D. Ill. 2005); *Eli Lilly & Co. v. Arch Ins. Co.*, No. 1:13-cv-01700-LJM-TAB, 2016 WL 344713, at *2 (S.D. Ind. Jan. 28, 2016) ("In an ordinary case, the

Court would not be inclined to allow any discovery to proceed when a motion for judgment on the pleadings is pending.").

## ARGUMENT

Each of the three factors the Court will consider weighs in favor of staying discovery pending a ruling on PNC's Motion to Dismiss. For the reasons more fully explained below, a stay (1) will not unduly prejudice or tactically disadvantage the non-moving party, (2) a stay will simplify the issues in question, and (3) a stay will reduce the burden of litigation on the parties and on the court. Accordingly, PNC respectfully requests this Court grant its Motion.

### I.   PLAINTIFF WILL NOT BE PREJUDICED OR DISADVANTAGED BY A STAY OF DISCOVERY.

Plaintiff cannot claim that a brief delay in discovery to allow the Court to consider a fully-briefed Motion to Dismiss will cause any cognizable prejudice to her rights in this litigation. "[P]otential delay alone" in proceeding immediately to discovery after the pleadings close "will not cause substantial prejudice or disadvantage," especially where the stay is likely to be brief and discovery is in its infancy. *DeBoard v. BH Urban Station, LLC*, 2023 WL 1363346, at *2 (S.D. Ind. Jan. 30, 2023); *see Trading Techs Int'l, Inc. v. BCG Partners, Inc.*, 186 F. Supp. 3d 870, 877 (N.D. Ill. 2016) (finding that in the context of staying litigation "the potential for delay does not, by itself, establish undue prejudice"). Additionally, a stay will not prejudice the non-moving party where the parties agree to "comply with their duty to preserve evidence and [represent] that no evidence will be spoiled while discovery is stayed." *DeBoard*, 2023 WL 1363346, at *2. Moreover, a plaintiff's own delay in bringing a lawsuit may weigh against a finding of prejudice. *Nat. Police Ass'n, Inc. v. Gannett Co., Inc.*, 2021 WL 5364207, at *2 (S.D. Ind. Oct. 25, 2021) (granting stay of discovery where plaintiff waited more than 2 years before bringing lawsuit).

Here, Plaintiff will not be prejudiced by a stay of discovery. A case management order is not yet in place. Thus, no discovery deadlines exist. PNC merely requests a brief stay of discovery to permit the Court to rule on its dispositive Motion to Dismiss, which raises several arguments that Plaintiff lacks standing to bring any claims under either the Uniform Commercial Code or the common law. As courts in the Seventh Circuit routinely find, a brief delay in progressing in litigation—absent more—does not rise to the level of cognizable prejudice. *DeBoard*, 2023 WL 1363346, at *2; *see Trading Techs*, 186 F. Supp. 3d at 877.

Moreover, to the extent Plaintiff is concerned that a stay of discovery will result in the spoliation of relevant evidence, such concern is without merit. This litigation may be resolved purely on the pleadings as a matter of law and no evidence is necessary to the resolution of this litigation. ECF Nos. 7, 11. Further, based on the timeline alleged in the Complaint, Plaintiff delayed in bringing a lawsuit and as such any relevant evidence is already nearly twenty (20) years old. PNC is complying with its retention periods and litigation obligation to maintain any remaining relevant evidence in its possession. Thus, any concern about spoliation is unfounded. A stay of discovery will cause no prejudice to Plaintiff.

II. **PNC'S MOTION TO DISMISS WILL SIMPLIFY THE ISSUES IN THIS LITIGATION.**

PNC's Motion to Dismiss will eliminate entirely or drastically simplify the potential claims at issue in this case. Where a pending motion has the potential to "eliminate" or "narrow the claims that may proceed" in the litigation, a stay is warranted. *Soares*, 2021 WL 5748438, at *3. In fact, where a dispositive motion will "dispose of the entire litigation," a stay of discovery is especially warranted. *See DeBoard*, 2023 WL 1363346, at *2; *Soares*, 2021 WL 5748438, at *3.

Here, PNC's Motion to Dismiss seeks to clarify that Plaintiff has no standing to bring the claims in the Complaint as a matter of law and that any amendment would be futile as Plaintiff

possesses no other claims against PNC. ECF No. 7, pgs. 5-14. As PNC is the only defendant in this litigation, a favorable ruling on its Motion to Dismiss will leave nothing for the Court to do but execute dismissal in its entirety. Accordingly, this factor weighs in favor of a stay of proceeding.

### III.   A STAY OF DISCOVERY WILL REDUCE THE BURDEN OF THIS LITIGATION ON ALL PARTIES.

A stay of discovery will reduce the burden of litigation on the parties and the Court. In determining whether the final factor supports a stay of discovery, courts consider the scope of existing discovery requests and the potential for substantial discovery disputes in the litigation. *Soares*, 2021 WL 5748438, at *3 (finding a stay warranted after a party served significant discovery requests after the dispositive motion was fully briefed); *see Robinson*, 2015 WL 3961221, at *7 (noting that where a motion to dismiss raises a threshold issue such as standing, a stay can "avoid unnecessary discovery battles").

Here, after the Motion to Dismiss was fully briefed, ECF Nos. 7-11, Plaintiff served PNC with discovery requests related to the variety of convoluted common law claims asserted in the Complaint. The mere service of the discovery requests after the completion of briefing of the dispositive Motion to Dismiss warrants a stay. *Soares*, 2021 WL 5748438, at *3. Further, the overarching breadth of the discovery requests on claims that will likely be eliminated warrants a stay pending a ruling on the Motion to Dismiss. The elimination of nonviable claims will drastically reduce the pleading and discovery burden on all parties—including this Court—as the potential for discovery disputes will decrease dramatically.

Accordingly, because the Motion to Dismiss has the potential to eliminate or significantly narrow the claims at issue, a stay will eliminate the burden on all parties with respect to overall

discovery and has the same potential with respect to Court involvement in discovery disputes. Accordingly, this factor weighs in favor of a stay of discovery.

## CONCLUSION

For these reasons, PNC respectfully requests that this Court stay all discovery pending a ruling on PNC's Motion to Dismiss.

Dated: April 11, 2025

Respectfully submitted,

*/s/ Mark D. Kundmueller*
Mark D. Kundmueller
TROUTMAN PEPPER LOCKE LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7586
Mark.kundmueller@troutman.com

*Attorney for Defendant PNC Bank, N.A.*

## **CERTIFICATE OF SERVICE**

I certify that on April 11, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notice to all counsel of record.

/s/ *Mark D. Kundmueller*
Mark D. Kundmueller