IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

---

LACIE EDON,

        Plaintiff,

    v.                                 Case No.: 1:24-cv-02195-TWP-KMB

PNC BANK, in its own capacity and as
successor to NATIONAL CITY BANK,

        Defendant.

---

### DEFENDANT PNC BANK, N.A.'S REPLY
### IN SUPPORT OF MOTION TO STAY DISCOVERY

Defendant PNC Bank, N.A. ("PNC"), erroneously named herein as "PNC, in its own capacity and as successor to NATIONAL CITY BANK," respectfully submits this Reply in support of its Motion to Stay Discovery ("Motion to Stay"), ECF No. 16. Plaintiff Lacie Edon's ("Plaintiff") Opposition relies extensively on incomplete representations of both fact and law. PNC has met its burden to establish good cause[1] to stay this litigation pending a ruling on its Motion to Dismiss. *United States ex rel. Robinson v. Ind. Univ. Health, Inc.*, No. 1:13–cv–02009–TWP–MJD, 2015 WL 3961221, at *1 (S.D. Ind. June 30, 2015).

---

[1] Although Plaintiff concedes that the Court must weigh the three factors identified in PNC's Motion to Stay, Plaintiff nevertheless alleges that a stay is "only appropriate in limited circumstances to 'protect a party from undue burden or expense.'" ECF No. 17 ("Opposition"), pg. 2 (relying on *Friends of the Parks v. Chic. Park. Dist.*, 2015 WL 4111312, at *1 (N.D. Ill. July 6, 2015). Plaintiff's lead case, however, provides only a general discussion of the function of Rule 26 in litigation. *Friends of the Parks*, 2015 WL 4111312, at *1. Further, Plaintiff omits the critical fact that *Friends of the Parks* did not involve a motion to stay in light of a potentially dispositive motion. Instead, the dispositive motion in that case **had already been decided** when the court was considering a stay of discovery. *Id*. That is not the case here.

1

As discussed more fully in PNC's Motion to Stay, a stay in this case is warranted under all three factors the Court must consider. Contrary to the Opposition filed by Plaintiff, a stay will (1) not prejudice Plaintiff in any material way, (2) simplify the issues in this litigation by resolving threshold issues, and (3) reduce the burden of litigation. Accordingly, PNC respectfully requests this Court grant its Motion to Stay pending a ruling on its Motion to Dismiss.

## I. PLAINTIFF'S THEORIES OF PREJUDICE ARE WITHOUT MERIT.

Plaintiff's various justifications as to why a stay of discovery will prejudice her are without merit. Mere delay in the ability to begin developing a factual record and to build context for pending (and fully briefed) dispositive motions are not grounds for undue prejudice.

Plaintiff argues a stay will cause prejudice because the underlying facts of this case took place years ago and "Plaintiff has no knowledge of the individuals involved" in these actions. Opp., pg. 3. As previously discussed, mere delay in developing a factual record is insufficient grounds to find prejudice to a non-moving party, especially where discovery is still in its infancy, like it is here. *See* Motion to Stay, pg. 4 (collecting cases). The Court has not yet entered a case management order and has only set the Initial Pretrial Conference for May 12, 2025. Any delay in further discovery is not prejudicial, as all parties benefit from waiting for a ruling on the dispositive motion to ensure the scope of discovery is appropriate, to minimize attorney fees, and to prevent fishing expeditions for factual discovery on claims that are subject to dismissal as a matter of law. Accordingly, delay causes Plaintiff no prejudice.

Plaintiff also argues that she will be prejudiced because the arguments in PNC's Motion to Dismiss are contrary to her understanding of the facts at issue. *Id*. For any avoidance of doubt, PNC repeats that its Motion to Dismiss is based solely on the allegations—or lack thereof—in Plaintiff's Complaint. Plaintiff alleges that she—as an individual indisputably not named as a

payee on the checks at issue and not alleged to be a customer of PNC—may raise common law claims against PNC because her parents never established a trust account for her and deposited checks into their personal checking account. *See* ECF No. 1-1. PNC's Motion to Dismiss merely highlights for the Court that such claims: (i) are patently preempted by the Uniform Commercial Code ("UCC"), and (ii) fail as a matter of law under both the UCC and common law as Plaintiff's own admissions establish a lack of standing for claims against PNC under the relevant law. Motion to Dismiss, pgs. 4-13.

In fact, the only party seeking to misrepresent the facts alleged in the Complaint or the applicable governing law is Plaintiff herself. *See* ECF No. 10, pgs. 3 (Plaintiff misstates her pleading burden and misdescribes her own inartful and dodgy allegations to avoid the reality that she did not—and cannot—allege she is PNC customer or maintains a possessory interest in the checks at issue), 6-7 (Plaintiff relies on cases with material factual differences to support facially invalid claims under the UCC), 8 (Plaintiff inexplicably misquotes Indiana statute to manufacture a possessory interest in the checks at issue). Plaintiff's argument that PNC's Motion to Dismiss relies on misrepresentations of fact is without merit.

PNC's Motion to Dismiss is not misleading and rightfully identifies the pleading deficiencies in Plaintiff's Complaint through relevant legal authority. Moreover, discovery is irrelevant to the resolution of PNC's Motion to Dismiss. The briefing on PNC's Motion to Dismiss is complete and premised solely on legal issues and pleadings that are closed, so additional discovery (which would only even be shared with Plaintiff) will not even aid the Court's decision. Thus, any arguments about the need for clarification on PNC's Motion to Dismiss through discovery are a complete red herring to the Court and a stay will not unduly prejudice Plaintiff.

## II. PLAINTIFF'S ARGUMENT THAT PNC'S MOTION TO DISMISS IS NOT DISPOSITIVE ON A THRESHOLD ISSUE IS WITHOUT MERIT.

A stay is warranted when a pending motion will eliminate or narrow the claims at issue in a litigation. Motion to Stay, pgs. 5-6. Plaintiff attempts to conflate PNC's Motion to Dismiss with a general dispositive motion targeting the sufficiency of pleading. Opp., pg 2. Although Plaintiff attempts to recast the nature of PNC's Motion to Dismiss, Plaintiff misreads the document to reach this untenable result. PNC's central argument in the Motion to Dismiss is that Plaintiff has no standing to bring the claims in the Complaint as a matter of law—not merely that Plaintiff has not pleaded sufficient facts to support otherwise valid claims. Motion to Dismiss, pgs. 5-14. The Motion to Dismiss explains that the entirety of the dispute is governed by the Uniform Commercial Code ("UCC"), which does not grant Plaintiff entitlement to assert claims against PNC under these circumstances. *Id*. Thus, PNC's Motion to Dismiss is a challenge to Plaintiff's standing—not pleading. Thus, as PNC's Motion to Dismiss will dispose of Plaintiff's Complaint on a threshold issue (standing to assert claims), PNC's Motion to Dismiss is not a mere challenge to the specificity of pleading. Accordingly, PNC's Motion to Stay is warranted under Seventh Circuit case law. Motion to Stay, pgs. 5-6. The substance of PNC's Motion to Dismiss should guide the Court—not Plaintiff's misdescription of the same.

## III. PLAINTIFF'S ARGUMENT THAT A STAY OF DISCOVERY WILL NOT REDUCE THE BURDEN OF DISCOVERY IS WITHOUT MERIT.

Plaintiff argues that PNC's Motion to Stay will not reduce any burden because discovery will not be complicated and PNC has already responded to initial discovery. Plaintiff's arguments are, once again, without merit.

Plaintiff argues that a stay is unwarranted because discovery will not be burdensome or onerous.  In support, Plaintiff relies on *Marvin v. Delaware Cnty.*, 2025 WL 947940 (S.D. Ind.

2025). But, *Marvin* does not hold that cases with limited discovery never warrant a stay. *See id.* Rather, *Marvin* emphasized that a stay of discovery was not warranted because the moving party requested a stay of discovery but did not request a stay of any other case deadlines. *Id*. Here, as the Court has not yet entered a case management order in this litigation, no case deadlines have been set. Therefore, Plaintiff's reliance on *Marvin* is misplaced and Plaintiff provides no further support for this proposition.

Moreover, even assuming *arguendo* that cases with simple discovery cannot be stayed (which is incorrect), this case does not so qualify. Plaintiff's written discovery has already drawn a host of (proper) objections[2] as to form, scope, and substance. *See* Opp., Ex. A. If a stay is not granted, Plaintiff is likely, as forecasted by her argument regarding prejudice, to issue additional discovery, including deposition notices. *See* Opp. Such discovery and disputes will require significant costs and attorneys' fees for scheduling, preparing, and attending an unknown number of depositions. As such, discovery in this case is not "simple" enough to preclude the necessity of a stay. Thus, a stay of discovery will postpone any costly discovery disputes and unnecessary depositions until the Court determines whether the case will proceed.

---

[2] Plaintiff additionally asserts that discovery will not be onerous because "responsive documents have purportedly already been gathered and bates stamped." Opp, pg. 3. Plaintiff's statement is patently misleading to the Court. Unfortunately for Plaintiff, the language from which she pulls this misleading statement is attached to her own Opposition. PNC has only represented that, **subject to resolution of the objections to Plaintiff's discovery requests**, PNC would produce a "forthcoming Bates Stamped [selection of] documents." *See* Opp., Ex A. PNC's objections have not been resolved and PNC has not already gathered, collected, and Bates Stamped any documents as the scope of discovery is still in dispute. As such, notwithstanding the inevitable progression of oral testimony and depositions, the scope of written discovery is in dispute and the potential collection of written documentary evidence is outstanding. Thus, PNC reiterates that discovery is burdensome and disputes any suggestion to the contrary.

To the extent Plaintiff opposes a stay of discovery based on PNC's initial responses to written discovery requests, Plaintiff's argument fails. The mere filing of a motion to stay discovery does not invalidate the obligation for a party to respond to discovery requests—even where discovery is sought before a case management order is in place. *Polzin v. Unifund CCR Partners*, 2009 WL 2474668, at *5 (E.D. Wisc. Aug. 11, 2009) (noting, in the context of discovery sanctions, that "the pendency of a motion to stay or a motion for protective order does not automatically excuse a party's failure to respond to discovery requests"). Because Plaintiff served discovery requests on PNC in this litigation, PNC was obligated to respond in compliance with the Federal Rules of Civil Procedure or face sanctions and waiver of its otherwise valid objections. The Court should not punish PNC for engaging in the discovery process in good faith while the Court adjudicates its request for a stay of any further discovery.

## CONCLUSION

For these reasons, PNC respectfully requests that this Court grant the Motion to Stay pending a ruling on the Motion to Dismiss.

Dated: May 2, 2025

Respectfully submitted,

*/s/ Mark D. Kundmueller*
Mark D. Kundmueller
TROUTMAN PEPPER LOCKE LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7586
Mark.kundmueller@troutman.com

*Attorney for Defendant PNC Bank, N.A.*

**CERTIFICATE OF SERVICE**

I certify that on May 2, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notice to all counsel of record.

/s/ *Mark D. Kundmueller*
Mark D. Kundmueller