IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LACIE EDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 1:24-cv-02195-TWP-KMB |
| | ) |
| PNC BANK, in its own capacity and as | ) |
| Successor to NATIONAL CITY BANK, | ) |
| | ) |
| Defendant. | ) |

## CASE MANAGEMENT PLAN

I. **Parties and Representatives**

A. Lacie Edon ("Plaintiff") and PNC Bank, N.A. (erroneously named as PNC Bank, in its own capacity and as Successor to National City Bank) ("Defendant")

B. **Counsel for Plaintiff:**

Lewis S. Wooton (#26650-49)
WOOTON HOY, LLC
13 North State Street, Suite 241
Greenfield, IN 46140
(317) 318-1685
lewis@wootonhoylaw.com

**Counsel for Defendant:**

Mark D. Kundmueller (#28427-71)
TROUTMAN PEPPER LOCKE, LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
(757) 687-7586

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

1

### II. Jurisdiction and Statement of Claims

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this action involves citizens of different states and the amount in controversy, without interest and costs, exceeds the value specified by 28 U.S.C. § 1332 ($75,000).

B. **Plaintiff's Statement:** Defendant converted funds belonging to Plaintiff and breached its fiduciary duty to Plaintiff when it wrongfully deposited funds belonging to Plaintiff into the wrong account and allowed funds to be wrongfully used by Defendant. Defendant knew that the funds belonged to Plaintiff and were to be utilized for Plaintiff's benefit, but nevertheless deposited the funds into personal accounts of Plaintiff's guardians and the funds were thereafter used for the benefit of the guardians, and not for Plaintiff. Defendant assisted and conspired with Plaintiff's guardians to convert Plaintiff's funds and to breach the fiduciary duties owed to Plaintiff.

C. **Defendant's Statement:** Plaintiff's parents received two checks to settle a lawsuit involving injuries to the Plaintiff. Without Defendant's knowledge as to any restrictions on deposit or intent of the parties to this underlying lawsuit, Plaintiff's parents deposited these checks into their personal checking account rather than a restricted account that Plaintiff's parents apparently should have established but did not with Defendant. Defendant had no knowledge that Plaintiff's parents committed any wrongful acts, and Plaintiff never explains how Defendant would have obtained such knowledge. Plaintiff cannot maintain any claims against Defendant as a matter of law as Defendant owes no cognizable duties or obligations to Plaintiff under either the common law or the Uniform Commercial Code.

### III. Pretrial Pleadings and Disclosures

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before ~~April 11, 2025~~ **May 23, 2025.**

B. Plaintiff shall file preliminary witness and exhibit lists on or before ~~April 18, 2025~~ **June 6, 2025.**

C. Defendant shall file preliminary witness and exhibit lists on or before ~~April 25, 2025~~ **June 13, 2025**.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before ~~May 9, 2025~~ **July 11, 2025.**

E. Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before ~~May 9, 2025~~ **July 31, 2025.** Defendant shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

> Sec. III. E. The Parties shall submit (not file) courtesy copies of their respective demand and response at the time of service via email to JudgeBarrChambers@insd.uscourts.gov. There is no need to follow the email with a hard copy.

2

v1

F.  Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **December 12, 2025.** Defendant shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before 30 days after Plaintiff serves her expert disclosure, or if Plaintiff has disclosed no experts, Defendant shall make its expert disclosure on or before **January 12, 2026.**

G.  Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.  Any party who wishes to limit or preclude expert testimony at trial shall file any such objections **120 days prior to trial.** ~~on or before~~ **~~February 12, 2026.~~** Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.  All parties shall file and serve their final witness and exhibit lists on or before **February 13, 2026.** This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J.  Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.  <u>Discovery of electronically stored information ("ESI").</u>

The parties do not believe that a substantial amount of ESI will be produced in the case.

> (1) The parties agree that, unless otherwise agreed by the parties or ordered by the Court, all electronic mail shall be produced in its native format and all other electronically stored information will be produced in .pdf format. However, upon either parties'

        request, the native format of a particular document(s) (including metadata) will be produced.

(2) The parties have not identified other issues that may be relevant to discovery in the case.

(3) In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document unless the receiving party believes in good faith that the produced document is not covered by a privilege. If such a document is retained by the receiving party, the document shall be maintained for attorney's eyes only and the parties will work together to contact the Court to resolve the issue of privilege. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

(4) The parties agree that documents shall not be produced absent the entry of a mutually agreeable protective order.

## IV.    <u>Discovery[1] and Dispositive Motions</u>

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion. [Note: A statement such as, "Defendant will seek summary judgment because no material facts are in dispute," is insufficient. Such a statement does not indicate to the Court that the parties used the CMP as an opportunity to seriously explore whether this case is appropriate for summary judgment or other dispositive motion. However, the failure to set forth a basis for a dispositive motion in the CMP will not bar a party from raising this argument at the motions stage.] Dispositive motions are anticipated.
Plaintiff intends to file a Motion for Summary Judgment based upon the following undisputed facts: 1) Funds were issued by trust check to Plaintiff's guardians, in their capacity as guardians to be placed into an UTMA account at PNC Bank, 2) PNC Bank knowingly and wrongfully deposited the finds into the guardians personal account. Defendant has filed a dispositive motion alleging that the alleged wrongful conduct above is not actionable.
Should the Court deny Defendant's pending Motion to Dismiss, Defendant intends to file a Motion for Summary Judgment based upon the following undisputed facts: (1) Funds were issued by trust check to Plaintiff's guardians—not Plaintiff, (2) Plaintiff's guardians never established or attempted to establish a restricted trust account with Defendant, (3) Plaintiff's guardians never informed Defendant that they were obligated to establish a trust account for the Funds, and (4) Plaintiff has no legally cognizable relationship with Defendant, including but not limited to any ordinary or fiduciary relationship. In addition, Defendant reserves the right to raise any arguments previously raised in its Motion to Dismiss after the completion of discovery.

> If both Plaintiff and Defendant intend to file dispositive motions as that deadline approaches, they **must** file a proposed briefing schedule for cross-motions for summary judgment **at least 45 days before** the dispositive motions deadline.

B. On or before ~~July 18, 2025~~ **September 19, 2025**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

5

_____ Track 1: No dispositive motions are anticipated.  All discovery shall be completed by _____ [no later than 16 months from Anchor Date].  [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date (Section VI). The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

\_\_X\_\_ Track 2: Dispositive motions are expected and shall be filed by **November 12, 2025**; non-expert witness discovery and discovery relating to liability issues shall be completed by **September 12, 2025**; expert witness discovery and discovery relating to damages shall be completed by **February 13, 2026**.

_____ Track 3: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____.
[Note: The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility.  However, the Court has found that Tracks 1 and 2 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

V. **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in September 2025.**

VI. **Trial Date**


The District Judge will set a trial date on a timeline deemed appropriate by the District Judge.

The parties request a trial date in the **July of 2026**. The trial is by jury and is anticipated to take **three (3)** days. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

309472108v1

**VII.** <u>**Referral to Magistrate Judge**</u>

    A. **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

    B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

**VIII.** <u>**Required Pre-Trial Preparation**</u>

    A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

        2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

            a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

            b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the

    portions of the deposition that will be played, designated specifically by counter-numbers.

  5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

  6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

  1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

  2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

  3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

  4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

Respectfully submitted,

| | |
|---|---|
| /s/ *Lewis S. Wooton* | /s/ *Mark D. Kundmueller* |
| Lewis S. Wooton (#26650-49) | Mark D. Kundmueller (#28427-71) |
| WOOTON HOY, LLC | TROUTMAN PEPPER LOCKE, LLP |
| 13 North State Street, Suite 241 | 222 Central Park Avenue, Suite 2000 |
| Greenfield, IN 46140 | Virginia Beach, VA 23462 |
| (317) 318-1685 | (757) 687-7586 |
| lewis@wootonhoylaw.com | mark.kundmueller@troutman.com |

309472108v1

*Counsel for Plaintiff*                      *Counsel for Defendant*

**************************************************************************

| | | |
|---|---|---|
| | x | PARTIES APPEARED IN PERSON/BY COUNSEL ON May 12, 2025 FOR A PRETRIAL/STATUS CONFERENCE. |
| | | APPROVED AS SUBMITTED. |
| | | APPROVED AS AMENDED. |
| | x | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT .M., ROOM _____. |
| | | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR AT _____.M. COUNSEL SHALL APPEAR: _____ IN PERSON IN ROOM _____; OR _____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR _____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
| | | |

9

309472108v1

| | |
|---|---|
| x | NON-EXPERT AND LIABILITY DISCOVERY COMPLETED BY 9/12/2025 |
| | DISPOSITIVE MOTIONS FILED BY 11/12/2025 |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

Date: 5/12/2025

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

309472108v1