UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LACIE EDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:24-cv-02195-TWP-KMB |
| ) | |
| PNC BANK, IN ITS OWN CAPACITY AND AS ) | |
| SUCCESSOR TO NATIONAL CITY BANK, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION TO STAY DISCOVERY**

Presently pending before the Court is Defendant PNC Bank's Motion to Stay Discovery. [Dkt. 16.] Plaintiff Lacie Edon opposes PNC's motion. [Dkt. 17.] Having reviewed the Parties' briefing on the issue, the Court finds that PNC's Motion to Stay Discovery should be **DENIED** for the reasons stated herein.

## I.    RELEVANT BACKGROUND

Ms. Edon's Complaint alleges that as a minor child, she received serious injuries in an automobile accident. [Dkt. 1-2 at 1.] She alleges that a lawsuit related to that accident was filed in state court, which ultimately settled and settlement proceeds meant for her benefit were deposited with PNC Bank. [*Id.* at 2.] Ms. Edon further alleges that PNC failed to deposit those funds into a restricted account and that they are no longer available for her. [*Id.* at 2-3.]

Ms. Edon filed this lawsuit against PNC in state court, and PNC removed it to federal court in December 2024. [Dkt. 1.] In response to Ms. Edon's Complaint, PNC has filed a merits-based Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Ms. Edon's claims are preempted by the Uniform Commercial Code ("UCC") or otherwise fail as a matter of law. [Dkt. 7.] Ms. Edon opposes PNC's Motion to Dismiss. [Dkt. 10.]

The Court scheduled an Initial Pretrial Conference in this matter for May 12, 2025. [Dkt. 15.] In advance of that conference, the Parties filed a proposed case management plan for the Court to review. [*Id.*] PNC also filed a Motion to Stay Discovery. [Dkt. 16.] The Court held the Initial Pretrial Conference as scheduled and adopted a Case Management Plan that, among other things, includes dates for various types of discovery. [Dkt. 23.] The Court indicated to counsel at the conference that it was unlikely to grant PNC's request to stay discovery but that it would take PNC's pending motion under advisement and rule on it in due course.

## II.  LEGAL STANDARD

"Courts disfavor stays of discovery 'because they bring resolution of the dispute to a standstill.'" *DDML Holdings LLC v. Hennessy*, 2024 WL 3400230, at *1 (S.D. Ind. 2024), *reconsideration denied*, 2024 WL 3718146 (S.D. Ind. 2024) (quoting *Red Barn Motors, Inc. v. Cox Enterprises, Inc.*, 2016 WL 1731328, at *3 (S.D. Ind. 2016)). District courts have "extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). A stay of discovery may be ordered when good cause exists, and the party seeking the stay "bears the burden of proof to show that the Court should exercise its discretion in staying the case." *United States ex rel. Robinson v. Ind. Univ. Health, Inc.*, 2015 WL 3961221, at *1 (S.D. Ind. 2015). A court will evaluate three factors to determine if good cause for a stay exists: (1) "the prejudice or tactical disadvantage to the non-moving party;" (2) "whether or not issues will be simplified;" and (3) "whether or not a stay will reduce the burden of litigation." *Johnson v. Navient Solutions, Inc.*, 150 F. Supp. 3d 1005, 1007 (S.D. Ind. 2015).

"Filing a motion to dismiss does not automatically stay discovery," and as a general matter, "a stay of discovery is warranted only when a party raises a potentially dispositive threshold issue such [as] standing, jurisdiction, or qualified immunity." *Red Barn Motors*, 2016 WL 1731328, at

2

\*2-3. The Court does not routinely stay discovery simply because a defendant has filed a motion to dismiss, and moving to dismiss a case does not automatically relieve the parties of their obligation to comply with case management deadlines. *See*, *e.g.*, *Gookins v. County Materials Corp.*, 2019 WL 3282088 at \*1 (S.D. Ind. 2019) (concluding that it is not appropriate "for all discovery to grind to a halt" until after the motion to dismiss is ruled upon because the defendants "have not met their burden of persuading the Court that the chance of their motion to dismiss being granted in its entirety outweighs the interest in moving this matter forward").

### III.   DISCUSSION

In their Motion to Stay Discovery, PNC argues that the Court should grant a stay because it will allegedly streamline discovery and reduce the burden of litigation if the Parties can wait until the Court "simplifies" the claims at issue by ruling on PNC's Motion to Dismiss. [Dkt. 16 at 4.] PNC contends that such a stay will not prejudice or disadvantage Ms. Edon because such a "brief" stay during the "infancy" of discovery could not prejudice a party who "delayed in bringing a lawsuit . . . nearly twenty (20) years." [*Id*. at 4-5.] PNC admits that a stay of discovery is only warranted when the dispositive motion raises a "threshold issue," [*id*. at 3], which its merits-based Motion to Dismiss does not. Rather, PNC emphasizes that even with such limited parameters, district courts within the Seventh Circuit grant stays "with substantial frequency." [*Id*.]

In response, Ms. Edon argues that this Court does not typically grant a stay of discovery "simply because a dispositive motion is pending." [Dkt. 17 at 1.] Ms. Edon claims that PNC has not raised "potentially dispositive threshold issues" since PNC "merely argue[s] that Plaintiff cannot recover," not that Ms. Edon lacks the standing to sue. [*Id*. at 2.] Ms. Edon further notes that after PNC filed its Motion to Dismiss, the Parties agreed to a proposed discovery schedule that they submitted to the Court prior to PNC's Motion to Stay. [*Id*. at 3.]

3

In reply, PNC reiterates that a "[m]ere delay" in discovery would not unduly prejudice Ms. Edon and instead would benefit both Parties since it would narrow the scope of discovery, "minimize attorney fees, and . . . prevent fishing expeditions." [Dkt. 18 at 2.] PNC additionally contends that its Motion to Dismiss does in fact challenge Ms. Edon's "standing to assert claims." [*Id*. at 4.] Specifically, PNC argues that the dispute falls under the UCC, which it contends does not entitle Ms. Edon to bring claims against PNC in this case. [*Id*.] Thus, PNC claims that its Motion to Dismiss is more than "a mere challenge to the specificity of [Ms. Edon's] pleading." [*Id*.]

After reviewing the pending motion and being duly advised, the Court concludes that PNC has not met its burden to show good cause that this is a case where a discovery stay is appropriate. PNC's merits-based Motion to Dismiss does not raise threshold issues of the nature that typically warrant a discovery stay, such as "standing, jurisdiction, or qualified immunity." *Red Barn Motors*, 2016 WL 1731328, at *2-3. PNC's attempt in its reply brief to shoehorn its merits-based UCC argument into a standing challenge is unconvincing because PNC's argument is really that it does not believe Ms. Edon can recover on the merits of her claims, not that she does not have standing to bring the claims.

The Court concludes that the three factors it must consider weigh in favor of denying the stay request. Potential prejudice to Ms. Edon exists if the Court grants the stay since she is trying to figure out what happened to the money she alleges was deposited with PNC for her benefit after the settlement when she was a minor.[1] [Dkt. 17.] And while the issues may be simplified by the

---

[1] PNC disingenuously asserts that Ms. Edon "*delayed in bringing a lawsuit* and as such any relevant evidence is already nearly twenty (20) years old." [Dkt. 16 at 5 (emphasis added).] Ms. Edon was a minor when the automobile accident and subsequent settlement at issue occurred, and her Complaint alleges that she learned about these funds in August 2024. [Dkt. 1-2 at 2.] Ms.

4

Court ruling on PNC's Motion to Dismiss, that factor alone does not necessitate a stay, especially because a ruling could take many months given the heavy caseload in this District. Finally, the Court concludes that a stay will not materially reduce the burden of litigation, particularly since PNC has already responded to discovery served by Ms. Edon. [*See* dkt. 17-1.]

The Court disagrees with PNC's assertion that discovery stays in response to a motion to dismiss filed early in a case are granted "with substantial frequency" in the Seventh Circuit. [Dkt. 16 at 3.] "There is no general policy of staying discovery when a motion to dismiss is filed, nor does the filing of a motion to dismiss trigger a presumption that discovery will be stayed." *Metro Fibernet v. Clear Home*, 2020 U.S. Dist. LEXIS 246815, at *2. (S.D. Ind. 2020). PNC cites a decision from a different district court observing that courts in our Circuit frequently grant stays "pursuant to Rule 26(c)[,]" *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005), but that case is distinguishable because the motion at issue was one to compel discovery, which the plaintiffs only brought at the end of discovery after voluntarily "acquiesc[ing] [to] what was functionally a stay" for the entire discovery period, *id*. at 337. Likewise, PNC's reliance on *Eli Lily & Co. v. Arch Ins. Co.* is misplaced because that case is also distinguishable. 2016 WL 344713 (S.D. Ind. Jan. 28, 2016). In that case, the court acknowledged that it would typically not allow additional discovery to proceed where a motion for judgment on the pleadings was filed, but the case at bar was unique because it involved foreign law and the defendant's pursuit of discovery while simultaneously moving to bar discovery by the plaintiff. *Id.* at *4-6. Ultimately, the court in that case did allow additional discovery limited to the arguments raised in the motion for judgment on the pleadings. *See id.* at *7.

---

Edon filed this lawsuit in November 2024. [Dkt. 1-2.] This timeline is anything but a delay, and the Court cautions counsel for PNC from making hyperbolic assertions in the future.

5

Unlike the distinguishable cases that PNC cites, the Court will follow its standard approach and deny PNC's motion to stay discovery during the pendency of its motion to dismiss. *See, e.g., Dacian Master Fund, LP, v. Josh Wander*, 2025 WL 1203106, at *2 (S.D. Ind. 2025) ("Filing a motion to dismiss does not automatically mean that there will be a discovery stay in federal court . . . ."). Because the Court finds that PNC has not met its burden as the requesting party to show good cause that a discovery stay is appropriate, its Motion to Stay Discovery is **DENIED**. [Dkt. 16.]

## IV. CONCLUSION

For the reasons stated herein, PNC's Motion to Stay is **DENIED**. [Dkt. 16.] The Court's previously ordered deadlines set forth in the Case Management Plan remain in effect. [Dkt. 23.]

**SO ORDERED.**

Date: 5/23/2025

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email