UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LACIE EDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:24-cv-02195-TWP-KMB |
| | ) |
| PNC BANK, in its own capacity and as | ) |
| successor to NATIONAL CITY BANK, | ) |
| | ) |
| Defendant. | ) |

## AMENDED COMPLAINT

Plaintiff, Lacie Edon ("Edon"), by counsel, for her Complaint against the Defendant, PNC Bank, in its own capacity and as successor to National City Bank ("PNC"), states as follows:

### Parties and Jurisdiction

1. Plaintiff, Edon, is an individual residing in Hancock County, Indiana and is thus a resident and citizen of Indiana.

2. PNC is a national banking association organized under the laws of the United States with its principal office in Delaware and is therefore considered a citizen of Delaware.

3. The acts which give rise to this action occurred within Hancock County, Indiana.

4. The amount at issue in this lawsuit exceeds $75,000 exclusive of interest and costs.

5. Jurisdiction is proper because there is complete diversity of citizenship and the amount at issue exceeds $75,000.

### Facts

6. Edon incorporates the averments contained in the previous paragraphs as if restated here verbatim.

7. As a minor child, Edon sustained serious injuries in an automobile accident ("the Accident").

8. A lawsuit was filed in the Hancock Circuit Court under cause number 30C01-0509-PL-673 ("Lawsuit") because of the Accident.

9. Edon received a settlement in the Lawsuit.

10. The settlement proceeds to Edon were deposited in PNC Bank.

11. On or about November 19, 2007, a settlement check in the amount of One Hundred Twenty-Five Thousand Seven Hundred Thirty-Two and 42/100 Dollars ($125,732.42) ("the First Check") was deposited at PNC.

12. The First Check was made out to "Terry and Cheryl Edon CUST UTMA Lacie Edon" and was to be deposited in a restricted account for Edon, a minor.

13. PNC failed to deposit the First Check into a restricted account.

14. PNC deposited the First Check into an account for Terry and Cheryl Edon ("Parents Account").

15. On or about September 4, 2008, a second check in the amount of Three Thousand Six Hundred Seventy-One and 29/100 Dollars ($3,671.29) ("Second Check") was deposited at PNC.

16. The Second Check should have been deposited in a restricted account but was improperly deposited into the Parents Account.

17. PNC representatives knew that the First Check and Second Check were to be placed in a restricted account when it improperly deposited the funds into the Parents Account.

18. In August of 2024, Edon learned of the settlement payments that were to be held in a restricted account at PNC Bank, and Edon contacted PNC Bank.

19. However, PNC Bank advised Edon that there were no accounts under which Edon was a payee, account holder, or beneficiary.

20. Upon information and belief, the total amount of One Thousand Twenty-Nine Four Hundred Three and 71/100 ($129,403.71) was placed into Parents Account, and the money is no longer in Parents Account.

21. Edon has requested the settlement funds from PNC Bank, but PNC bank has refused to make the funds available to Edon.

22. At the time of the Accident that was the subject of the Lawsuit, the settlement of the Lawsuit, and the deposit of the settlement Funds at PNC Bank, Edon was a minor and, as such, was unaware of the specifics of the monetary settlement or the deposit of the funds at PNC Bank.

23. After Edon recently learned of the monetary settlement and the deposit into PNC Bank, she promptly attempted to contact PNC for information regarding the UTMA account and settlement monies but was refused any information except that no funds were available to her.

**Count I – Conversion/Assisting Fiduciary/Conspiracy in Committing Conversion**

24. Plaintiff incorporates the averments contained in the previous paragraphs as if restated here verbatim.

25. By depositing a check that was to be placed in a restricted account into the Parents Account, PNC knew or should have known that it was depriving Edon of control over her money.

26. PNC enabling Terry and Cheryl Edon's unauthorized and possession control over Edon's money constitutes conversion under Indiana Code §35-43-4-3 or assisting a fiduciary in committing conversion/conspiracy to commit conversion.

27. As a result of PNC's unauthorized and unlawful conduct, Edon has suffered a pecuniary loss, thus entitling her to recover three (3) times her actual damages, costs of this action, reasonable attorney's fees, and actual travel expenses pursuant to Indiana Code §34-24-3-1.

## Count II—Breach of Fiduciary Duty

28. Plaintiff incorporates the averments contained in the previous paragraphs as if restated here verbatim.

29. PNC had a fiduciary duty to Edon.

30. PNC breached its fiduciary duties to Edon by improperly placing the funds to be held in a restricted account for her benefit in an account for her parents only.

31. PNC also assisted or conspired with Edon's guardians to breach their fiduciary duties.

32. Without Edon's permission or authorization, PNC deposited the First and Second Check into the Account which Edon had no control over.

33. As a result of PNC's breach of its fiduciary duty to Edon, or assisting/conspiring to breach fiduciary duties, Edon has been damaged.

## Count III—Negligence

34. Plaintiff incorporates the averments contained in the previous paragraphs as if restated here verbatim.

35. PNC had a duty to deposit Edon's funds into the appropriate account for her benefit.

36. PNC breached its duty when it improperly deposited Edon's funds into the Parents' Account.

37. As a result of PNC's breach, Edon has been damaged.

WHEREFORE, Laci Edon, respectfully requests judgment in her favor and against PNC Bank, in its own capacity and as successor in interest to National City Bank in an amount to be proven at trial including treble damages as provided by the Indiana Crime Victims Relief Act, the

costs of this action, reasonable attorney's fees, prejudgment interest, post judgment interest, and all other relief just and proper in the premises.

                                       Respectfully submitted,

                                       WOOTON HOY, LLC

                                       /s/ Lewis S. Wooton
                                       LEWIS S. WOOTON, No. 26650-49

WOOTON HOY, LLC
13 N. State Street, Suite 241
Greenfield, Indiana 46140
Phone: (317) 318-1685
lewis@wootonhoylaw.com