IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LACIE EDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:24-cv-02195-TWP-KMB |
| | ) |
| PNC BANK, in its own capacity and as successor to NATIONAL CITY BANK | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT PNC BANK, N.A.'S ANSWER TO PLAINTIFF'S
AMENDED COMPLAINT AND STATEMENT OF DEFENSES**

Defendant PNC Bank, N.A. ("PNC"), by and through counsel, states[1] the following:

1. Plaintiff, Edon, is an individual residing in Hancock County.

**ANSWER: Paragraph 1 does not require an answer for the reasons set forth in the pending Motion to Dismiss, but to the extent an answer is required, PNC lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 1, except to the extent that the information is a matter of public record.**

---

[1] On July 21, 2025, this Court granted Plaintiff Lacie Edon's Motion for Leave to Amend Complaint. [Dkt. 32.] At a status conference on July 22, 2025, both counsel for the Plaintiff and undersigned counsel agreed that the Amended Complaint [Dkt. 29-1] did not moot PNC's pending Motion to Dismiss [Dkt. 6]. However, as reflected in the Magistrate Judge's minute entry, the resolution of that issue with the District Judge. [Dkt. 33]. Therefore, out of an abundance of caution as this Court has not ruled on the Motion to Dismiss, PNC has filed this Answer, while still asserting that the pending Motion to Dismiss applies to the Amended Complaint.

2. PNC is a national banking association organized under the laws of the United States with its principal office in Delaware is therefore considered a citizen of Delaware. .

**ANSWER: Paragraph 2 does not require an answer for the reasons set forth in the pending Motion to Dismiss, but to the extent an answer is required, PNC admits the allegations contained in Paragraph 2.**

3. The acts which give rise to this action occurred within Hancock County, Indiana.

**ANSWER: Paragraph 3 does not require an answer for the reasons set forth in the pending Motion to Dismiss, but to the extent an answer is required, PNC lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 3 and therefore denies the same.**

4. The amount at issue in this lawsuit exceeds $75,000 exclusive of interest and costs.

**ANSWER: Paragraph 4 does not require an answer for the reasons set forth in the pending Motion to Dismiss and Paragraph 4 contains solely legal conclusions to which no response from the Defendant is required or proper. To the extent that a response is required, PNC admits that the Plaintiff has claimed in excess of $75,000.**

5. Jurisdiction is proper because there is complete diversity of citizenship and the amount at issue exceeds $75,000.

**ANSWER: Paragraph 5 does not require an answer for the reasons set forth in the pending Motion to Dismiss and Paragraph 5 contains solely legal conclusions to which no**

**response from the Defendant is required or proper. To the extent that a response is required, PNC admits that jurisdiction is proper.**

6. Edon incorporates the averments contained in the previous paragraphs as if restated herein.

**ANSWER: PNC incorporates its answers to the previous paragraphs as if restated here verbatim.**

7. As a minor child, Edon sustained serious injuries in an automobile accident ("the Accident").

**ANSWER: Paragraph 7 does not require an answer for the reasons set forth in the pending Motion to Dismiss, but to the extent an answer is required, PNC lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 and therefore denies the same.**

8. A lawsuit was filed in the Hancock Circuit Court under cause number 30C01-0509-PL-673 ("Lawsuit") because of the Accident.

**ANSWER: Paragraph 8 does not require an answer for the reasons set forth in the pending Motion to Dismiss, but to the extent an answer is required, PNC lacks sufficient knowledge or information to admit or deny the allegations, except to the extent that the information is a matter of public record.**

9. Edon received a settlement in the Lawsuit.

**ANSWER: Paragraph 9 does not require an answer for the reasons set forth in the pending Motion to Dismiss, but to the extent an answer is required, PNC lacks sufficient**

**knowledge or information to admit or deny the allegations contained in Paragraph 8 and therefore denies the same.**

10. The settlement proceeds to Elon were deposited in PNC Bank.

**ANSWER: Paragraph 10 does not require an answer for the reasons set forth in the pending Motion to Dismiss, but to the extent an answer is required, PNC admits records exist that the two checks attached to the pending Motion to Dismiss were deposited in National City Bank, otherwise denied.**

11. On or about November 19, 2007, a settlement check in the amount of One Hundred Twenty-Five Thousand Seven Hundred Thirty-Two and 42/100 Dollars ($125, 73242) ("the First Check") was deposited at PNC.

**ANSWER: Paragraph 11 does not require an answer for the reasons set forth in the pending Motion to Dismiss, but to the extent an answer is required, PNC denies the allegations contained in Paragraph 10.**

12. The First Check was made out to "Terry and Cheryl Edon CUST UTMA Lacie Edon" and was to be deposited in a restricted account for Edon, a minor."

**ANSWER: Paragraph 12 does not require an answer for the reasons set forth in the pending Motion to Dismiss, but to the extent an answer is required, PNC admits the First Check was made out to "Terry and Cheryl Edon CUST UTMA Lacie Edon" but otherwise denies the allegations contained in Paragraph 11.**

13. PNC failed to deposit the First Check into a restricted account.

**ANSWER: Paragraph 13 does not require an answer for the reasons set forth in the pending Motion to Dismiss, but to the extent an answer is required, PNC denies the allegations in Paragraph 12.**

14. PNC deposited the First Check into an account for Terry and Cherly Edon ("Parents Account").

**ANSWER: Paragraph 14 does not require an answer for the reasons set forth in the pending Motion to Dismiss, but to the extent an answer is required, PNC denies the allegations contained in Paragraph 13.**

15. On or about September 4, 2008, a second check in the amount of Three Thousand Six Hundred Seventy-One and 29/100 Dollars ($3,671.29) ("Second Check") was deposited at PNC.

**ANSWER: Paragraph 15 does not require an answer for the reasons set forth in the pending Motion to Dismiss, but to the extent an answer is required, PNC denies the allegations in Paragraph 14.**

16. The Second Check should have been deposited into a restricted account but was improperly deposited into the Parents Account.

**ANSWER: Paragraph 16 does not require an answer for the reasons set forth in the pending Motion to Dismiss, but to the extent an answer is required PNC denies the allegations in Paragraph 15.**

17. PNC representatives knew that the First Check and Second Check were to be placed in a restricted account when it improperly deposited the funds into the Parents Account.

**ANSWER: Paragraph 17 does not require an answer for the reasons set forth in the pending Motion to Dismiss, but to the extent an answer is required PNC denies the allegations in Paragraph 16.**

18. In August of 2024, Edon learned of the settlement payments that were to be held in a restricted account at PNC Bank, and Edon contacted PNC Bank.

**ANSWER: Paragraph 18 does not require an answer for the reasons set forth in the pending Motion to Dismiss, but to the extent an answer is required PNC admits that Edon contacted PNC but lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 17.**

19. However, PNC Bank advised Edon that there were no accounts under which Edon was a payee, account holder, or beneficiary.

**ANSWER: Paragraph 19 does not require an answer for the reasons set forth in the pending Motion to Dismiss, but to the extent an answer is required PNC admits the allegations in Paragraph 18.**

20. Upon information and belief, the total amount of One Thousand Twenty-Nine Four Hundred Three and 71/100 ($129,403.71) was placed into Parents Account, and the money is no longer in Parents Account.

**ANSWER: Paragraph 20 does not require an answer for the reasons set forth in the pending Motion to Dismiss, but to the extent an answer is required PNC lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 19.**

21. Edon has requested the settlement funds from PNC Bank, but PNC Bank has refused to make the funds available to Edon.

**ANSWER: Paragraph 21 does not require an answer for the reasons set forth in the pending Motion to Dismiss, but to the extent an answer is required PNC admits that Edon has requested the purported "settlement funds" from PNC and that PNC has not provided the purported "settlement funds" to Edon, but lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 21.**

22. At the time of the Accident that was the subject of the Lawsuit, the settlement of the Lawsuit, and the deposit of the settlement Funds at PNC Bank, Edon was a minor, and as such, was unaware of the specifics of the monetary settlement or the deposit of the funds at PNC Bank..

**ANSWER: Paragraph 22 does not require an answer for the reasons set forth in the pending Motion to Dismiss, but to the extent an answer is required PNC lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 22.**

23. After Edon recently learned of the monetary settlement and the deposit into PNC Bank, she promptly attempted to contact PNC for information regarding the UTMA account and settlement monies but was refused any information except that no funds were available to her.

**ANSWER: Paragraph 23 does not require an answer for the reasons set forth in the pending Motion to Dismiss, but to the extent an answer is required PNC admits that Edon contacted PNC for information regarding the purported "monetary settlement," denies the deposit of any funds into PNC Bank, denies that PNC refused Edon any other relevant information in its possession, and states that PNC lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 23.**

24. Plaintiff incorporates the averments contained in the previous paragraphs as if restated here verbatim.

**ANSWER: PNC incorporates its answers to the previous paragraphs as if restated here verbatim.**

25. By depositing a check that was to be placed in a restricted account into the Parents Account, PNC knew or should have known that it was depriving Edon of control over her money.

**ANSWER: Paragraph 25 does not require an answer for the reasons set forth in the pending Motion to Dismiss, and the allegations in Paragraph 25 contain solely legal conclusions to which no response from the Defendant is required or proper. To the extent an answer is required PNC denies the allegations.**

26. PNC enabling Terry and Cheryl Edon's unauthorized and possession control over Edon's money constitutes conversion under Indiana Code §35-43-4-3 or assisting a fiduciary in committing conversion/conspiracy to commit conversion.

**ANSWER: Paragraph 26 does not require an answer for the reasons set forth in the pending Motion to Dismiss, and the allegations in Paragraph 26 contain solely legal**

8

conclusions to which no response from the Defendant is required or proper. To the extent that an answer is required, PNC denies the allegations.

27. As a result of PNC's unauthorized and unlawful conduct, Edon has suffered a pecuniary loss, thus entitling her to recover three (3) times her actual damages, costs of this action, reasonable attorney's fees, and actual travel expenses pursuant to Indiana Code § 34-24-3-1.

**ANSWER: Paragraph 27 does not require an answer for the reasons set forth in the pending Motion to Dismiss, and the allegations in Paragraph 27 contain solely legal conclusions to which no response from the Defendant is required or proper. To the extent that an answer is required, PNC denies the allegations.**

28. Plaintiff incorporates the averments contained in the previous paragraphs as if restated here verbatim.

**ANSWER: PNC incorporates its answers to the previous paragraphs as if restated here verbatim.**

29. PNC had a fiduciary duty to Edon.

**ANSWER: Paragraph 28 does not require an answer for the reasons set forth in the pending Motion to Dismiss, and the allegations in Paragraph 28 contain solely legal conclusions to which no response from the Defendant is required or proper. To the extent that an answer is required, PNC denies the allegations.**

30. PNC breached its fiduciary duties to Edon by improperly placing the funds to be held in a restricted account for her benefit in an account for her parents only.

**ANSWER:** Paragraph 30 does not require an answer for the reasons set forth in the pending Motion to Dismiss, and the allegations in Paragraph 30 contain solely legal conclusions to which no response from the Defendant is required or proper. To the extent that an answer is required, PNC denies the allegations.

31. PNC also assisted or conspired with Edon's guardians to breach their fiduciary duties.

**ANSWER:** Paragraph 30 does not require an answer for the reasons set forth in the pending Motion to Dismiss, and the allegations in Paragraph 31 contain solely legal conclusions to which no response from the Defendant is required or proper. To the extent that an answer is required, PNC denies the allegations.

32. Without Edon's permission or authorization, PNC deposited the First and Second Check into the Account which Edon had no control over.

**ANSWER:** Paragraph 32 does not require an answer for the reasons set forth in the pending Motion to Dismiss, but to the extent that an answer is required, PNC denies the allegations.

33. As a result of PNC's breach of its fiduciary duty to Edon, or assisting/conspiring to breach fiduciary duties, Edon has been damaged.

**ANSWER:** Paragraph 33 does not require an answer for the reasons set forth in the pending Motion to Dismiss, and the allegations in Paragraph 33 contain solely legal conclusions to which no response from the Defendant is required or proper. To the extent that an answer is required, PNC denies the allegations.

34. Plaintiff incorporates the averments contained in the previous paragraphs as if restated here verbatim.

**ANSWER: PNC incorporates its answers to the previous paragraphs as if restated here verbatim.**

35. PNC had a duty to deposit Edon's funds into the appropriate account for her benefit.

**ANSWER: Paragraph 34 does not require an answer for the reasons set forth in the pending Motion to Dismiss, and the allegations in Paragraph 34 contain solely legal conclusions to which no response from the Defendant is required or proper. To the extent that an answer is required, PNC denies the allegations.**

36. PNC breached its duty when it improperly deposited Edon's funds into the Parents' account.

**ANSWER: Paragraph 35 does not require an answer for the reasons set forth in the pending Motion to Dismiss, and the allegations in Paragraph 35 contain solely legal conclusions to which no response from the Defendant is required or proper. To the extent that an answer is required, PNC denies the allegations.**

37. As a result of PNC's breach, Edon has been damaged.

**ANSWER: Paragraph 36 does not require an answer for the reasons set forth in the pending Motion to Dismiss, and the allegations in Paragraph 36 contain solely legal conclusions to which no response from the Defendant is required or proper. To the extent that an answer is required, PNC denies the allegations.**

## **AFFIRMATIVE DEFENSES**

NOW COMES Defendant PNC Bank, in its own capacity and as successor to National City Bank, and for their Affirmative Defenses to the Plaintiff's Amended Complaint, states as follows:

### **FIRST AFFIRMATIVE DEFENSE**
### **(Statute of Limitations)**

1. Plaintiff's Amended Complaint is barred, in whole or in part, by the statute of limitations and/or statute of repose.

2. Plaintiff is 33 years old and had a right to these funds beginning the day of her 21st birthday, more than a decade ago.

3. The statute of limitations period for Plaintiff's claims is 2 years after Plaintiff reached the age of majority. Ind. Code § 34-11-6-1; *Fager v. Hundt*, 610 N.E.2d 246, 250 (Ind. 1993).

4. Therefore, as the latest, the statute of limitations period for Plaintiff's claims expired at least a decade ago.

5. Plaintiff alleges that any purported "settlement funds" were deposited into an account jointly owned by her parents, Cheryl and Terry Edon.

6. As such, any violation of any purported duties under the UTMA were known to Cheryl and Terry Edon at the time any purported settlement funds were deposited into the joint account.

7. Under Indiana law, knowledge by parents is imputed to minors. *Fager v. Hundt*, 610 N.E.2d 246, 251 (Ind. 1993)

8. Plaintiff did not allege that her parents worked with PNC to conceal any alleged acts from her, as would be required to equitably toll the statute of limitations period under the

discovery rule. See *Doe v. Shults-Lewis*, 718 N.E.2d 738, 746, (Ind. 1999) (citing *Fager*, 610 N.E.2d at 251, 253).

## SECOND AFFIRMATIVE DEFENSE
### (Indiana Comparative Fault Act)

9. Plaintiff's Amended Complaint is barred, in whole or in part, by the Indiana Comparative Fault Act. Ind. Code § 34-51-2.

10. Under Indiana Code § 34-51-2-14, PNC asserts that any alleged damages of Plaintiff were caused in full or in part by the following nonparties: Cheryl Edon, Estate of Terry Edon, and James E. Davis.

11. Fault may be attributed to Cheryl Edon, the co-guardian of the funds. The funds were deposited in Cheryl's joint checking account. Cheryl failed to comply with UTMA requirements to monitor, preserve, manage, and keep accurate records of all funds. Cheryl also failed to notify Lacie Edon of the existence of the funds on her 21st birthday, which is a statutory requirement under Indiana Code § 30-2-8.5-27. Additionally, Cheryl failed to comply with the requirements of an account holder with National City Bank and/or PNC.

12. Fault may be attributed to the Estate of Terry Edon, the other co-guardian of the funds. The funds were deposited in Terry's joint checking account. Terry failed to comply with UTMA requirements to monitor, preserve, manage, and keep accurate records of all funds. Terry also failed to notify Lacie Edon of the existence of the funds on her 21st birthday, which is a statutory requirement under Indiana Code § 30-2-8.5-27. Additionally, Terry failed to comply with the requirements of an account holder with National City Bank and/or PNC.

13. Fault may be attributed to James E. Davis, the attorney in the underlying lawsuit. James failed to obtain the mandatory court approval of the purported settlement under Indiana Code § 29-3-3-1. He also failed to properly document any appointment or court approval of Cheryl

and Terry Edon as co-guardians for the purported settlement for any funds governed by the UTMA per the statutory requirements.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to Comply with Ind. Code § 29-3-3-1)

14. Plaintiff's Amended Complaint is barred, in whole or in part, by failure to comply with Indiana Code § 29-3-3-1.

15. Indiana Code § 29-3-3-1 requires court approval for any settlement which will deliver property belonging to a minor in an amount exceeding ten thousand dollars in order for that settlement to be valid.

16. Edon alleges that the purported settlement funds exceed ten thousand dollars.

17. Because the purported settlement lacked court approval, there were no valid obligations under the UTMA regarding these funds.

## FOURTH AFFIRMATIVE DEFENSE
### (Laches)

18. Plaintiff's Amended Complaint is barred, in whole or in part, by the doctrine of laches.

19. Plaintiff became aware of the settlement when the purported settlement occurred in 2007.

20. Upon information and belief, Edon would have been between 14 and 16 years old at this time.

21. Plaintiff's Amended Complaint alleges that Edon suffered "serious injuries," which upon information and belief she was aware of at the time and would have required her participation in the underlying lawsuit.

22. Plaintiff, upon information and belief, failed to demand access to the settlement funds on or about her 21st birthday, as required under the Indiana enactment of the UTMA.

23. Plaintiff unreasonably delayed asserting the claim until 2024, which was detrimental to PNC.

24. Plaintiff has provided no reason to satisfactorily explain the delay, and instead falsely claimed in the first Complaint that she was a minor until August 2024.

25. Therefore, Plaintiff's claims are barred.

**FIFTH AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

26. Plaintiff's Amended Complaint is barred, in whole or in part, as it fails to state a claim under Indiana Code § 30-2-8.5-29.

27. Indiana Code § 30-2-8.5-29 allows a custodian to use UTMA funds for the benefit of the minor until their 21st birthday.

28. Regardless of where any purported settlement funds were deposited, Edon has not proven, let alone alleged, that Cheyrl and Terry Edon did not spend any purported settlement funds for her benefit prior to Edon reaching the age of majority.

29. As Edon fails to allege that Cheryl and Terry Edon did not spend the funds for her benefit, the Amended Complaint fails to state a claim upon which relief can be granted.

**SIXTH AFFIRMATIVE DEFENSE**
**(Indiana Code § 30-2-8.5-31)**

30. Plaintiff's Amended Complaint is barred, in whole or in part, by Indiana Code § 30-2-8.5-31.

31. The Indiana UTMA exempts third parties from liability for the actions of a custodian where that third-party (a) acts in good faith and (b) without court order, acts upon the instructions of a custodian. *See* Ind. Code § 30-2-8.5-31.

32. According to Plaintiff's Amended Complaint, to the extent any purported settlement funds were deposited with National City Bank, said deposit occurred solely upon the instructions of the purported custodians for the purported settlement funds, Cheryl and Terry Edon.

33. Upon information and belief, National City Bank deposited the purported settlement funds in good faith and without any court order or knowledge regarding any required treatment of the purported settlement funds.

**WHEREFORE**, Defendant respectfully requests that judgment be entered in their favor and against Plaintiff, along with all other relief the Court deems appropriate.

Dated this 6th day of August, 2025.

                              Respectfully submitted,

                              */s/ Andrew D. Dettmer*
                              Andrew D. Dettmer
                              Rachel S. Bir
                              DINSMORE & SHOHL LLP
                              One Indiana Square, Suite 1800
                              211 North Pennsylvania Street
                              Indianapolis, Indiana 46204
                              Phone: (812) 759-5915
                              Fax: (317) 636-6444

                              *Counsel for Defendant PNC Bank*

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document was duly served on the Court's CM/ECF system this 6th day of August, 2025, which sent notice to all recipients.

*/s/ Andrew D. Dettmer*